GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

July 6, 2026

**VIA ECF**
Honorable Clay H. Kaminsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Tunnell, et. al., v. City of New York,* 25-cv-01781 (AMD) (CHK)

Dear Judge Kaminsky:

Plaintiffs oppose Defendant's second request to stay discovery. Defendant has not shown good cause, and the governing factors weigh against a stay. *Khan v. New York City*, No. 24-cv-2168, 2024 WL 4814236, at *4 (E.D.N.Y. Nov. 18, 2024) (considering "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay"). This Court already denied Defendants' prior request to stay discovery on September 18, 2025, Judge Donnelly likewise denied the request in December 2025, and Defendants identify no intervening development warranting a different result now. The parties jointly stipulated to a discovery plan. Plaintiffs served demands months ago, and rather than answer them or agree to meet and confer to address the default, Defendants moved unilaterally to renew their denied motions to stay.

## I. <u>No Strong Showing of an Unmeritorious Claim</u>

Defendants fail to meet their burden of proving entitlement to a stay and this Court should deny the motion and compel Defendants to answer the long-outstanding demands. Since the Court denied the City's prior stay requests, intervening authority has only strengthened Plaintiffs' position, confirming that similar constitutional and failure-to-accommodate claims challenging the City's religious-accommodation process are viable.

### A. <u>Constitutional and Employment Discrimination Claims</u>

Plaintiffs challenge the unconstitutional accommodation policies, procedures, and practices used by the City to evaluate religious accommodation requests, and the failure to accommodate the religious beliefs of the Plaintiffs. Those policies were discriminatory because they privileged certain religions, categorically excluded others, rejected personally held, conscience-based, prayer-derived, abortion-related, and non-doctrinal beliefs as insufficiently "religious," and

instructed agencies and the Citywide Panel to deny such beliefs even where sincerely held. SAC ¶¶ 2, 5–9, 146–174, 187–192, 915–917.The Second Circuit has twice held that the City's religious accommodation policies are not neutral or generally applicable. *Kane v. De Blasio*, 19 F.4th 152, 168-170 (2d Cir. 2021) (struck down the City's accommodation standards and framework denying accommodations based on religious leaders' views or where objections were "personal" because it improperly judged the validity of beliefs based on institutional views in violation of the Free Exercise Clause); *New Yorkers for Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 334-35 (2d Cir. 2024) (upholding Free Exercise claims where the City rejected beliefs that were "merely personal" or "too idiosyncratic to be religious in nature); *see also Gardner-Alfred v. Federal Reserve Bank of New York*, 143 F.4th 51, 64-65 (2d Cir. 2025) (held Free Exercise Clause protects individual religious convictions, even if they diverge from those of institutional authorities).

At the December 2, 2025 pre-motion conference, Judge Donnelly indicated that the City was unlikely to prevail on its motion to dismiss Plaintiffs' as applied constitutional and failure-to-accommodate claims. A true copy of the transcript is attached as **Exhibit 1**, *see* 8:11–23.

This is not a speculative or isolated theory: the City continues to defend the same unconstitutional accommodation criteria that Plaintiffs challenge here. As recently as January of 2026, in *Veluzzi v. City of New York*, the City argued *in court* that a Catholic employee's objection to the COVID-19 vaccine could not be religious in nature and thus was merely "personal" because it was inconsistent with "the leader of his faith…Pope Francis". No. 1:25-cv-03712, ECF Doc. 16 at 22-23 (January 5, 2026). The City has repeatedly affirmed and defended these same unconstitutional policies. *See Fennessy v. FDNY*, No. 25-CV-01337, ECF No. 15 at 13 (November 5, 2025) (arguing that plaintiff's objection was a "personal choice" rather than a bona fide religious belief because his beliefs stemmed from his own faith in God "and not the Church itself"); *Furno v. New York City Police Dep't*, Index No. 85021/2023, NYSCEF Doc. No. 31, March 2, 2023 at p. 16 (arguing that a Catholic NYPD Detective's objection was not based in his religion because the Pope endorsed vaccination). The Plaintiffs here were denied by the same Citywide Panel that denied the plaintiffs in *Veluzzi*, *Fennessy*, and *Furno*. SAC ¶¶ 403, 474, 512, 551, 595, 622, 730, 751, 803, 837, 870, 889. The Citywide Panel was controlled by the same law department that is still arguing to uphold the same unconstitutional standards.

Courts in the Southern and Eastern Districts of New York have consistently denied the City's motions to dismiss constitutional and failure-to-accommodate claims brought by City Workers who were denied religious accommodations to the Vaccine Mandate. Just today, Judge Liman denied the City's motion to dismiss Free Exercise and failure-to-accommodate claims arising from the same Citywide Panel process challenged here, holding that the plaintiff plausibly alleged the Panel crossed the constitutional line by rejecting his Catholic objection as insufficiently "religious," rather than simply determining whether he sincerely held that belief. *Maiorino v. City of New York*, 1:25-cv-00097-LJL, ECF Doc 75 (July 6, 2026). In *Lee v. New York City Fire Dep't*, 2025 WL 2772855, at *2 (E.D.N.Y. Sept. 29, 2025), the court denied the City's motion to dismiss Free Exercise, Establishment Clause, and failure to accommodate claims, holding that the plaintiff's allegations "fit squarely within the framework" of *NYFRL* where the City limited accommodations to "recognized and established religious organizations" and rejected individualized beliefs as "personal." *See also Maita v. City of New York*, 1:24-cv-06559-DG, ECF

Doc. 29 at 10-11 (February 2, 2026) (denying City's motion to dismiss Free Exercise, Establishment Clause, and failure to accommodate claims); *see also Annicelli v. N.Y.C. Police Dep't*, 2026 WL 871393, at *10 (S.D.N.Y. Jan. 9, 2026), *report and recommendation adopted,* 2026 WL 867926 (S.D.N.Y. Mar. 30, 2026) (finding that the plaintiff stated a claim that "his denial was based on a determination that his beliefs were too idiosyncratic" where he alleged that the Citywide Panel denied his request on the basis that it "was personal, political, or philosophical."); *Chinchilla v. New York City Police Dep't*, No. 23 CIV. 8986 (DEH), 2024 WL 3400526, at *10 (S.D.N.Y. July 12, 2024) (denying dismissal of failure to accommodate claims where NYPD allowed other employees to test and mask); *Vasquez v. City of New York*, No. 22-CV-05068 (HG) (VMS), 2024 WL 1348702, at *7 (E.D.N.Y. Mar. 30, 2024) (rejecting undue hardship argument where the City failed to show plaintiff could not perform duties safely with accommodation); *Rizzo v. New York City Dep't of Sanitation*, No. 23-CV-7190 (JMF), 2024 WL 3274455, at *3 (S.D.N.Y. July 2, 2024) (rejecting undue hardship argument where City had granted weekly testing accommodations to other employees). Plaintiffs were denied under the same policies and materially identical circumstances. Defendants offer no reason why their cases should fail where the vast majority of their colleagues' claims are succeeding.

## B. <u>Exhaustion, Article 78, and the Single-Filing Rule</u>

It is undisputed that lead Plaintiff Tunnell timely filed an EEOC charge alleging class-wide religious discrimination and timely commenced this action after receiving her Right-to-Sue. Under the Second Circuit's "single-filing rule," non-filing plaintiffs may join where, as here, "the claims arise out of similar discriminatory treatment in the same time frame." *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1056 (2d Cir. 1990). Moreover, Plaintiffs' constitutional claims are not subject to an administrative-exhaustion requirement. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982) ("exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983"). Nor were Plaintiffs required to bring their NYSHRL/NYCHRL discrimination claims through Article 78; Judge Liman just rejected the same argument, holding that federal courts may adjudicate such claims where plaintiffs invoke federal-question and supplemental jurisdiction, seek remedies unavailable in Article 78, and the claims are substantively about discrimination. *Maiorino*, ECF Doc. 75, at 19–22.

## C. <u>Class Certification</u>

The City's class-certification argument is premature and irrelevant to whether discovery should proceed: Rule 23 issues are separate from the merits of Plaintiffs' constitutional and statutory discrimination claims. In any event, discovery is warranted regardless of class certification because Plaintiffs assert *Monell* claims, challenging Defendants' common policies, practices, and accommodation-review process, including the application of uniform discriminatory criteria and the denial of valid religious accommodation requests despite available alternatives.

## D. <u>Rule 8(a) and Rule 41(b) Do Not Support a Stay</u>

The City's Rule 8(a) and Rule 41(b) arguments do not show that Plaintiffs' claims are unmeritorious; they are, at most, procedural objections to the form and length of the pleading, which can be addressed on the forthcoming motion to dismiss. They provide no basis to halt discovery where the SAC pleads detailed factual allegations supporting viable constitutional and

statutory discrimination claims, and the City cannot simultaneously complain that the pleading is too detailed while arguing that the claims lack factual support.

## II. <u>Discovery Will Not Be Burdensome</u>

The City's burden argument is exaggerated and unpersuasive. The relevant discovery—EEO policies, accommodation criteria, Citywide Panel materials —is already in the City's possession, much of it already disclosed in related matters. There is minimal burden in producing documents and testimony that have already been collected and disclosed in similar cases, including *Rizzo*, *Chinchilla*, and *Vasquez*, cited above.

## III. <u>Plaintiff Will Be Prejudiced by Delay</u>

A continued stay would cause significant and unfair prejudice to Plaintiffs, many of whom remain out of work and unable to vindicate their rights despite the lifting of the Vaccine Mandate. The City refuses to reinstate many, leaving them—hourly wage, middle-class City Workers—financially strained and unable to meet their family's basic needs. SAC ¶¶423, 711, 876. Some of the Plaintiffs are homeless and are forced to visit food pantries to eat. SAC ¶¶418, 446-451, 706-709. Further delay, while the City prepares a motion to dismiss based on arguments already rejected by the Second Circuit, serves no purpose other than to stall the litigation and obstruct timely discovery.

The prejudice is compounded because the most critical evidence is entirely in the City's possession: Plaintiffs no longer have access to their personnel files, internal agency records, or employee email accounts following their terminations. Indeed, in *Maiorino*, Judge Liman relied heavily on the Citywide Panel Voting Spreadsheet produced in discovery—where Panel members recorded their reasons for denying the plaintiff's appeal—and held that those entries plausibly showed the Panel rejected the plaintiff's Catholic objection as insufficiently religious because "the Catholic Church supported vaccination." *Maiorino*, ECF Doc. 75, at 15–16; *see* SAC ¶190. Plaintiffs have requested the same voting spreadsheets here, but the City has not produced them; staying discovery would therefore allow the City to rely on the supposed weakness of Plaintiffs' claims while withholding the very records needed to test those arguments.

Courts have repeatedly held that the mere pendency of a motion to dismiss is not a valid basis for halting discovery. See *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *Thomas v. Amazon.com Servs., LLC*, No. 23-CV-1271, 2024 WL 3706844, at *3 (E.D.N.Y. Apr. 15, 2024) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay."). As one commentator aptly observed, "[d]iscovery equalizes information asymmetries, thereby enhancing settlement prospects and also reducing surprises and gamesmanship at trial." Kevin J. Lynch, *When Staying Discovery Stays Justice*, 47 Wake Forest L. Rev. 71, 72 (2012). Preventing discovery from proceeding here would deprive Plaintiff of the opportunity to meaningfully develop his case and would reward the City's attempt to relitigate already-settled legal ground while withholding access to critical information.

## IV. <u>The City Has Not Met Its Burden Under Rule 26(c)</u>

The City has not met its burden here. Discovery in this matter will not be unusually complex, and Plaintiffs' claims are strongly supported by existing case law and prior discovery. For these reasons, Plaintiffs respectfully request that Defendants' renewed request for a stay be denied.

Respectfully submitted,

By: /s/ Sujata S. Gibson

Sujata S. Gibson
120 E Buffalo Street, Suite 201
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law